**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGPING JIN, | No. 17-72655 |
| Petitioner, | Agency No. A089-876-804 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2022[**]
Pasadena, California

Before: McKEOWN and OWENS, Circuit Judges, and HELLERSTEIN,[***]
District Judge.

Yongping Jin, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and we review adverse credibility determinations and denials of asylum, withholding, and CAT relief for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny the petition for review.

Jin challenges the BIA's affirmance of the IJ's adverse credibility determination. But substantial evidence supports each of the three grounds cited by the BIA. First, the transcripts reveal inconsistent testimony about when Jin reported to the Chinese police after a trip to Japan, and even if it is possible to interpret this testimony as internally consistent, that interpretation is not compelled. *See Pedro-Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("Under the substantial evidence standard of review, the court of appeals must affirm when it is possible to draw two inconsistent conclusions from the evidence."). Contrary to Jin's contention, the BIA considered his explanation and found it unpersuasive. *See Munyuh v. Garland*, 11 F.4th 750, 758 (9th Cir. 2021) (explaining that the BIA need only "provide a specific and cogent reason for rejecting" a petitioner's "reasonable and plausible" explanation).

Second, Jin's testimony contains inconsistencies and omissions related to a

bribe allegedly paid by his wife so that Jin could avoid reporting during his Japan trip. The BIA did not err in finding that Jin admitted that the asylum officer had asked him how he avoided reporting. *See Pedro-Mateo*, 224 F.3d at 1150. And Jin's argument that his testimony about the bribe merely added details, *see Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014), is unpersuasive. The bribe related directly to Jin's reporting requirements and occurred years earlier, *contra id.* at 972-74, and Jin first mentioned the bribe after cross-examination cast doubt on his story.

Third, Jin's testimony contains major inconsistencies about where he had lived within the United States, and the BIA permissibly deemed his explanation implausible. *See Munyuh*, 11 F.4th at 758. Overall, the BIA's conclusion that the totality of the circumstances justified the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (explaining that, under the REAL ID Act, inconsistencies do not need to go to the heart of a petitioner's claim).

Jin next argues that he is eligible for asylum and withholding of removal, but he predicates his arguments on his testimony being found credible. Without credible testimony, substantial evidence supports the conclusion that Jin has not met his burden to demonstrate eligibility for relief. Jin also argues that he is

eligible for CAT protection, but the BIA's conclusion that the documentary evidence did not "establish[] that it is more likely than not that he will be tortured upon return to China" is supported by substantial evidence. The country reports and the letter from Jin's wife (which states that the police will "chastise" Jin if he returns) do not compel a contrary conclusion. *See Munyuh*, 11 F.4th at 758.

**PETITION FOR REVIEW DENIED.**